IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                              No. CR 08-2642 MV

CARL BURLESON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** came before the Court on the government's Motion for Reconsideration [Doc. 41], filed March 4, 2010.  After considering the motion, relevant law, and being otherwise fully advised of the premises, the Court finds the motion should be **DENIED** for the reasons stated herein.

      The government moves the Court to reconsider whether, given the fact that Officer Kuepfer was permitted to issue Defendant and his companions citations for their pedestrian traffic violation, he was also permitted to run a warrants check.  Doc. 41 at 1.  The government does not challenge the Court's conclusion that the encounter between Defendant and Officer Kuepfer was not consensual.  Rather, the government urges the Court to reconsider its conclusion that the investigative detention was limited in duration to the to the amount of time it took Officer Kuepfer to ascertain what Defendant and his companions were doing, where they were going and why they were carrying the dog.  Doc. 41 at 1-2 (citing Doc. 36 at 10).  As support for its request, the government notes the Court's observation that "Officer Kuepfer testified that it was not his intention to issue a citation[,]" Doc. 36 at 10, and cites ample case law establishing that an officer's subjective intent does not limit the scope of a *Terry* stop.  Doc. 41

at 1-3. The government goes on to cite numerous cases in which the Tenth Circuit and other circuit courts have held that an officer did not exceed the scope of an investigatory stop when the officer ran a warrants check on the subject of the stop. Doc. 41 at 4-6.

The government is correct to point out that Officer Kuepfer's subjective intentions are irrelevant to the Court's determination of the legality of the stop, and the Court acknowledged as much in its Memorandum Opinion and Order Granting Defendant's Motion to Suppress. *See* Doc. 36 at 15 n.4 ("Officer Kuepfer's subjective beliefs are not relevant to the Court's consideration[.]"). Indeed, in its previous Memorandum Opinion and Order, the Court found that Officer Kuepfer's warrants check exceeded the scope of the stop because "once [he] was satisfied with the explanation given by Defendant and his companions about the dog, he no longer had reasonable suspicion to continue the detention of the men." *Id*. at 15. The Court was compelled to so conclude because *objectively*, the officer lacked reasonable suspicion to continue to detain Defendant and his companions: Not only did their answers to his questions quell the suspicions that justified the initial stop, but nothing in the men's behavior during the encounter could have given rise to additional suspicion.

The Court has carefully reviewed the authority presented by the government and finds that the facts of the instant case are distinguishable. In *United States v. Villagrana-Flores*, 467 F.3d 1269 (10th Cir. 2006), the Tenth Circuit analyzed whether an officer's warrants check amounted to a violation of the defendant's Fourth Amendment rights. In that case, the police had received two calls regarding a mentally ill individual. *Id*. at 1272. When a police officer arrived to find the defendant "exhibit[ing] delusional and paranoid behavior," *id*., he detained the defendant because he believed the defendant "was a danger to himself and possibly to others."

*Id.* Accordingly, the officer ran a warrants check on the defendant. *Id.* The court concluded that the warrants check was reasonable because: 1) the defendant was arrested in part for criminal trespass and disorderly conduct, and was not detained solely because he appeared to be mentally ill, and 2) the officer had an objectively reasonable suspicion that the defendant was engaged in such criminal activity. *Id.* at 1274-75.

Notably, in *Villagrana-Flores* the court first inquired whether the initial detention was based on reasonable suspicion, *id.* at 1275, and then proceeded to examine "whether running the warrants check was 'reasonably related in scope to the circumstances which justified the interference in the first place.'" *Id.* at 1276 (quoting *Terry v. Ohio*, 392 U.S. 1, 20-21 (1968)). The court concluded that the warrants check was reasonably related to the initial stop because viewing the defendant's arrest record allowed the officer to better evaluate whether the defendant posed a threat to his safety. *Id.* at 1276-77.

*Villagrana-Flores* does not stand for the proposition that a pedestrian traffic violation automatically justifies a warrants check regardless of the continued presence of reasonable suspicion or the objective calculus of officer safety. In contrast to the circumstances in *Villagrana-Flores*, in the instant case Officer Kuepfer's reasonable suspicion had dissipated entirely when he ran the warrants check. Whereas the officer in *Villagrana-Flores* was in a precarious situation after detaining a visibly disturbed individual who may have presented a danger to the officer, Officer Kuepfer had no objective basis for fearing for his safety. Notwithstanding Defendant's and his companions' commission of a pedestrian traffic violation at the time that Officer Kuepfer stopped them, their ongoing detention was only reasonable if it was "reasonably related in scope to the circumstances which justified the interference in the first

place." *Villagrana-Flores* at 1276 (quoting *Terry*, 392 U.S. at 20-21). Although at the time of the initial stop, Officer Kuepfer reasonably suspected the dog Defendant was carrying might have been stolen, any lingering suspicion at the time of the warrants check that the dog was stolen would have been unreasonable. Not only was the men's explanation as to why they were carrying the dog – they did not have a leash – perfectly reasonable and credible, but the dog appeared comfortable with them and no one in the area had reported a stolen dog. The government advanced no additional facts that would have established reasonable suspicion that Defendant or his companions were engaged in illegal activity at the time that Officer Kuepfer ran the warrants check.

The Court finds further support for its conclusion in *United States v. Holt*, 264 F.3d 1215 (10th Cir. 2001), upon which the Tenth Circuit relied heavily in its analysis in *Villagrana-Flores*. In *Holt*, the court outlined the general Fourth Amendment principles governing traffic stops, all of which may be extended to the context of pedestrian stops:

> [I]t is beyond dispute that [when conducting a traffic stop,] an officer may ask questions relating to the reason for the stop. . . . On the other hand, motorists ordinarily expect to be allowed to continue on their way once the purposes of a stop are met. The government's general interest in criminal investigation, without more, is generally insufficient to outweigh the individual interest in ending the detention. Thus, once the motorist has produced a valid license and proof that he is entitled to operate the car, he must be allowed to proceed on his way, without being subject to further delay by police for additional questioning. Further delay is justified only if the officer has reasonable suspicion of illegal activity or if the encounter has become consensual.

*Id*. at 1221 (internal quotations and citations omitted).

The circumstances of the instant case are analogous to a motorist's production of "a valid license and proof that he is entitled to operated the car." *See id*. Defendant and his companions offered credible answers to Officer Kuepfer's questions regarding their activity, and the

4

...

information they gave the officer dispelled the reasonable suspicion that justified the initial detention. At that point, any further delay was unjustified because Officer Kuepfer had no reasonable suspicion that the men were engaging in illegal activity. *See id*. Accordingly, his decision to run a warrants check was impermissibly based on his "general interest in criminal investigation," *see id*., which was outweighed by Defendant's interest in ending the encounter.

The Court affirms its previous conclusion that Officer Kuepfer's warrants check was not justified because he no longer had the requisite reasonable suspicion to prolong Defendant's detention. **IT IS THEREFORE ORDERED** that the government's Motion for Reconsideration [Doc. 41] is **DENIED**.

Dated: March 15, 2010.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

*Attorneys for Plaintiff:*
Nathan Jon Lichvarcik
W. Ronald Jennings

*Attorney for Defendant:*
Steve Sosa